IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Darryl T. Cook, | C/A No. 0:15-02987-JFA |
| Petitioner, | |
| v. | **ORDER** |
| Warden of Broad River Correctional Institution, | |
| Respondent. | |

Darryl T. Cook ("Cook") filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 while confined at Broad River Correctional Institution of the South Carolina Department of Corrections. Cook alleges that his Constitutional rights have been violated based on a number of grounds including ineffective assistance of counsel and the trial court's reliance on inadmissible evidence. (ECF No. 1).

The Respondent filed a motion for summary judgment on November 25, 2015. (ECF No. 19). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), this Court advised Cook of the summary judgment and dismissal procedures and the possible consequences if he failed to adequately respond to the Respondent's motion. (ECF No. 20). Cook filed a timely response on April 4, 2016. (ECF No. 35). The Respondent filed a reply in opposition to Cook's responses on April 14, 2016. (ECF No. 37). Additionally, Cook filed a sur-reply[1] to Respondents reply on May 2, 2016. (ECF No. 41).

---

[1] The Local Civil Rules for the District of South Carolina make no provision for sur-replies.

The Magistrate Judge assigned to this action[2] prepared a thorough Report and Recommendation ("Report") and opines that this court should grant the Respondent's motion for summary judgment. (ECF No. 45). The Report sets forth in detail the relevant facts and standards of law on this matter[3], and this court incorporates those facts and standards without a recitation.

Cook was advised of his right to object to the Report, which was entered on the docket on July 14, 2016. However, Cook failed to file any objections to the Report. The Court then entered an Order adopting the Report on August 17, 2016. (ECF No. 50). Cook later advised the court that he was suffering from a serious medical condition and his hospitalization prevented him from objecting to the Report. (ECF No. 53, 54). The Court felt it prudent to vacate the previous Order adopting the Report and gave Cook an additional fourteen days to respond. (ECF No. 55). However, Cook failed to file any objections to the Report despite the additional time to do so. Accordingly, the Court entered an Order adopting the Report without objection. (ECF No. 59).

After this second Order adopting the Report was entered, Cook later requested an extension of time to file objections citing several excuses for his delay including a serious medical injury that led to a prolonged hospital stay, subsequent relocation of correctional institutes, a delay in receiving his legal documents, and a prison "lock-down" put in place due to a hurricane placing South Carolina in a state of emergency. (ECF No. 62). Once again, the Court

---

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[3] The Magistrate Judge's Report fully addresses each of Cook's eight grounds for a writ of habeas corpus in turn and competently applies the law to the supporting facts.

felt it prudent to vacate its second Order adopting the Report and gave Cook an additional 30 days to file objections. (ECF No. 63).

On December 5, 2016, the Court granted Cook's third motion for an extension of time to file objections to the Report by giving him and additional 30 days to file objections. (ECF No. 68). Moreover, this Order stated that this extension was the last to be given and after the additional 30 days had expired, the Court would promptly rule on the Report. Despite this Order, Cook requested another extension on January 6, 2017. (ECF No. 71). This Court finds no compelling reason to delay the disposition of this case any longer. Cook has had over six months to respond to the Report and has failed to do so. In the interest of judicial economy, this Court is inclined to deny the motion for an extension of time and rule on the Report despite Cook's failure to file any objections.

In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation, **GRANTS** the Respondent's motion for summary judgment (ECF No. 19) and **DENIES** Cook's petition.

Further, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c)(2).[4]

---

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.* (signature)

January 26, 2017                                            Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge

---

dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."